**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LANA LORRAINE IMM,

    Plaintiff,

v.                                                           Case No. 20-11943

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Lana Lorraine Imm brings this action under 42 U.S.C. §§ 405(g), challenging Defendant Commissioner of Social Security's decision to deny Plaintiff Disability Insurance Benefits ("DIB") under the Social Security Act. (ECF No. 1.) The case was referred to the Magistrate Judge Kimberly Altman on July 20, 2020. (ECF No. 3.) Plaintiff and Defendant filed cross-motions for summary judgment. (ECF Nos. 10, 13.) Magistrate Judge recommended on December 29, 2021, that the court deny Plaintiff's motion and grant Defendant's motion. (ECF No. 15.)

Plaintiff has filed three objections to the Report and Recommendation ("R&R"). (ECF No. 16.) Defendant timely filed a response. (ECF No. 18.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will overrule Plaintiff's objections and adopt the R&R.

# I. BACKGROUND

Plaintiff applied for ("DIB") disability insurance benefits in March 2018. (ECF No. 8, PageID.192.) Plaintiff claimed disability due to pain caused by trigeminal neuralgia and occipital neuralgia. (*Id.*, PageID.221.) Upon initial denial of the claim, Plaintiff challenged Defendant's decision at a hearing before Administrative Law Judge ("ALJ") Jennifer Overstreet. (*Id.*, PageID.70-71.) Plaintiff was represented by counsel at the hearing, and both Plaintiff and a vocational expert provided testimony.

At the hearing, Plaintiff testified she experienced "extreme pain" from her "trigeminal neuralgia" on her right side that "starts at the base of [her] ear and . . . feels like a constant earache" with periods of acute "stabbing pain" across her face and teeth each day. (*Id.*, PageID.80-81.) While medications generally reduced her pain level to a "five out of ten," she stated that "they have no cure for [her condition]" and that side effects of the medication cause her "dizziness, tiredness, muscle pains, memory loss, confusion, nausea, and really bad trouble concentrating." (*Id.*, PageID.82.)

Plaintiff testified that her day-to-day activities varied depending on the severity of her symptoms. On "most days I'm actually in bed," but on "good days," Plaintiff could "focus for 15 minutes at a time" to complete tasks. (*Id.*, PageID.85.) Plaintiff indicated that she still "tr[ied]" to do cooking and housework but sometimes needed assistance from relatives. (*Id.*, PageID.89.) She stated that while she also experienced "occipital" nerve pain on the left side of her head that "flares up" sometimes, for the most part it is "not as severe" as the neuralgia.

In addition to her medical records, Plaintiff has provided two letters from Dr. Amanda Rabquer, her treating neurologist. A Mach 8, 2019 letter states that Plaintiff is receiving treatment for "severe pain due to" trigeminal neuralgia and occipital neuralgia;

2

it also recounts that she has also described "multiple medication side effects." (*Id.*, PageID.580.) The March letter indicates that Plaintiff "reported she would be off [work] past 40-50% of the time." (*Id.*) Dr. Rabquer's April 2019 letter restates Plaintiff's medical diagnosis—citing only her trigeminal neuralgia in this iteration—and notes that Plaintiff "has not been able to work because of the symptoms she reported she would be off past 30%-40% of the time." (*Id.*, PageID.429.)

On June 10, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled. (*Id.*, PageID.50-60.) The ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset of disability (step-one), that she suffered severe impairments from a combination of her "trigeminal neuralgia, migraines, occipital neuralgia, and depression" (step-two), and that she could not return to her past relevant work as a "nurses aide or clubhouse director, semi-skilled and skilled jobs respectively." (step-four). (*Id.*, PageID.52-53, 58.) The ALJ, however, also held that Plaintiff's impairments did not meet or exceed the severity of the impairments listed in the applicable functional limitation regulations (step-three). (*Id.,* PageID.53.) And the ALJ further found that Plaintiff retained enough residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), albeit with some limitations.

> [Plaintiff] must avoid concentrated exposure to extreme heat and/or cold, and, should avoid working in conditions of vibrations. The claimant should avoid workplace hazards such as unprotected heights and moving mechanical parts. She is limited to simple task in a routine work setting, but not at a production rate pace, for example, no assembly line work.

(*Id.*, PageID.55.) After considering Plaintiff's education, work experience, residual functional capacity, and the testimony of a vocational expert at the hearing, the ALJ concluded (step-five) that Plaintiff could perform the unskilled work of a checker, routing

3

clerk, or mail sorter. (*Id.*, PageID.59.) Therefore, the ALJ concluded that Plaintiff was not disabled as of the date last insured, December 2018.

Plaintiff then filed the present action to appeal the ALJ's determination. (ECF No. 1.) Magistrate Judge Altman issued a Report & Recommendation ("R&R") that would affirm the ALJ's decision and would find no reversible error. (ECF No. 15). Plaintiff filed three objections to the R&R. (ECF No. 16.)

## II. STANDARD

When a party files timely objections to an R&R, the court "make[s] a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). This process provides the court "the opportunity to consider the specific contentions of the parties," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), and "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). After re-examining the evidence relevant to these objections, the court determines whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In considering whether a claimant is entitled to disability benefits, the

Commissioner is to determine whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. § 404.1520. The Plaintiff has the burden of proof as to steps 1-4, but as to step 5, the burden shifts to the Commissioner to show that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391-92 (6th Cir. 1999).

When reviewing the ALJ's determination, the standard of review is deferential. Where "substantial evidence supports the ALJ's decision, the reviewing court 'defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 299, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In the present case, Plaintiff objects to the R&R's conclusion that ALJ Overstreet was acting within the "zone of choice" when she found the opinion of Dr. Amanda Rabquer, the treating neurologist, was not persuasive by relying on other evidence in the record. Plaintiff contends that the R&R erred in two instances by finding that the ALJ's evidentiary conclusions were based in relevant facts. (*See* ECF No. 16.) And Plaintiff also contends that the ALJ, while determining Plaintiff's residual functional capacity, improperly discounted Plaintiff's testimony by relying on facts that did not substantially contradict her testimony. The court finds that all of Plaintiff's objections lack merit.

5

### A. First Objection

Plaintiff argues that "[d]espite both the ALJ's and the Magistrate Judge's claims to the contrary, there is no substantial evidence that [Plaintiff] refused more aggressive treatments for her trigeminal neuralgia." (ECF No. 16, PageID.665.) Plaintiff therefore asserts the ALJ was wrong to rely on Plaintiff's failure to pursue further treatments as a factor in rejecting the limitations set forth in Dr. Rabquer's letter. According to Plaintiff, by affirming the ALJ's factual finding on this issue, the Magistrate Judge improperly conflated evidence in the record showing Plaintiff did not pursue more aggressive treatment options (nerve blocks) for occipital neuralgia on her left side—a condition Plaintiff testified was less of a day-to-day issue—with a failure to pursue treatment for trigeminal neuralgia on the right side of her head. (*Id.*, PageID.667 ("[T]here is no indication in the record that Imm was ever offered any nerve blocks or other injections for her *trigeminal* neuralgia—the more debilitating of the two conditions. . .").)

Defendant responds by noting that nerve blockers were not "the only treatment [option] that [P]laintiff declined" cited in the R&R. (ECF No. 18, PageID.681.) Indeed, the R&R also expressly relied on the fact that Plaintiff "declined to consider neurosurgical intervention" (*see* ECF No. 15, PageID.657), and medical records support this conclusion. Specifically, Dr. Rabquer's visit notes indicated multiple times that Plaintiff indicated she had chosen not to pursue a neurological intervention for her trigeminal. (*See* ECF No. 8, PageID.490, 502 ("She is not ready to consider neurosurgical inventions").) The court also notes that the Magistrate Judge never specifically suggested nerve blockers for Plaintiff's trigeminal neuralgia; instead, she listed nerve blockers as one of the treatments Plaintiff had declined to pursue to

6

alleviate "head pain" generally. (ECF No. 15, PageID.657.) Because both Plaintiff's original application and Dr. Rabquer's Mach 8, 2019 letter suggested trigeminal *and* occipital neuralgia as sources of pain leading to Plaintiff's disability, it was logical for the Magistrate Judge to cite unpursued treatments for either condition in her analysis. Inasmuch as the record supports the R&R's factual contention that Plaintiff did not pursue all available remedies for her head pain, the court will overrule this objection.

### B. Second Objection

Plaintiff next objects that "substantial evidence does not support a finding that [Plaintiff's] condition was so satisfactorily controlled by medications that she would be able to work without absences or being off task." (ECF No. 16, PageID.668.) Plaintiff contends that it was improper for the ALJ to rely entirely on statements in the medication records indicating that her pain "was more 'manageable' or 'tolerable' on medications" when discounting Dr. Rabquer's letter—finding an inability to concentrate up to fifty percent of the day. (*Id.*) Plaintiff argues that the Magistrate Judge compounded this error by combining this limited evidence with "*post hoc* citations to the record not proffered by the ALJ"—which showed that Plaintiff attended yoga classes and also engaged in "moderate exercise" three to four times by each week—when affirming the conclusion that Plaintiff remained capable of working. (*Id.*, PageID.670.)

The court finds it was acceptable for the R&R to cite additional evidence in the record supporting the ALJ's conclusion that Plaintiff's own medical records contradicted Dr. Rabquer's conclusions regarding Plaintiff's ability to concentrate. While "the court cannot develop or accept after-the-fact rationalizations for the agency decision," it is not precluded from "consider[ing] any evidence in the record, regardless of whether it has

7

been cited by the ALJ" that supports her reasoning. *See Mullins v. Comm'r of Soc. Sec.*, No. 2:14-CV-13288-PTM, 2015 WL 3441163, at *13 (E.D. Mich. May 28, 2015) (Morris, M.J.). And regardless of these additional citations, the record also shows that the ALJ herself relied on other facts besides the mitigating effects of Plaintiff's medication. The paragraph of the ALJ's opinion addressing the doctor's opinion expressly referenced facts "discussed above at length" (*see* ECF No. 8, PageID.57), and the paragraph at issue in the ALJ's opinion expressly cited *both* the effects of Plaintiff's medication and her decision to not pursue additional treatments as facts directly supporting her conclusion.

In sum, given the evidence contained in the record, the court finds that Plaintiff has failed to demonstrate that "no reasonable person could reach the [ALJ's] conclusion" regarding the doctor's letter. *See Hudson by Melhouse v. Comm'r of Soc. Sec.*, 1996 WL 470974 *5 (6th Cir. 1996). And because the Magistrate Judge correctly reached the same conclusion, this objection is overruled.

### C. Third Objection

Finally, Plaintiff objects that her "ability to engage in some daily activities does not inherently negate her testimony that she needed to stay in bed and could not function on bad days." (ECF No. 16, PageID.672.) The ALJ's ruling had noted that Plaintiff was "able to shop in the stores. . . on a weekly basis, attend[] religious services at least once a month, and. . . make her medical appointments. Additionally, [Plaintiff] was able to participate in a wedding celebration for her daughter." (ECF No. 8, PageID.54 (citing ECF No. 8, PageID.232-33, 472).) Plaintiff contends that the "Magistrate Judge. . . erred in finding that these daily functions constituted substantial

8

evidence to uphold the ALJ's RFC determination." (*Id.*, PageID.674.) And Plaintiff cites precedent holding that being able to complete "somewhat minimal daily functions [is] not comparable to typical work activities." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

The court first notes that the activities cited by the ALJ, are at least somewhat more comparable to work activities than the mainly in-home daily actves discounted by the Sixth Circuit in *Rogers*. But the main issue, as Defendant points out, is that "Plaintiff's opening brief . . . did not challenge the ALJ's evaluation of her daily activities." (ECF No. 18, PageID.684 (citing ECF No. 10).) And Defendant is correct that "a claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010). Consequently, this objection must also be overruled.

## IV. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objections and adopt the Magistrate Judge's well-reasoned R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 16) are OVERRULED, and the Magistrate Judge's December 29, 2021 Report and Recommendation (ECF No. 15) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 10) is DENIED.

                                                s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated:  March 14, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 14, 2022, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner  
                                                Case Manager and Deputy Clerk  
                                                (810)292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-11943.IMM.ObjectionstoRR.AAB.docx